UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Mark Ross, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01210-TWP-MPB |
| | ) | |
| Rocky Williamson, | ) | |
| Murray Trucking, Inc., and | ) | |
| Murray Leasing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## **ENTRY ON JURISDICTION**

It has come to the Court's attention that Defendants' Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the Plaintiff. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Notice of Removal alleges, "Upon information and belief, the named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Indiana." ([Filing No. 1 at 1](Filing No. 1 at 1).) This allegation made "upon information and belief" is not sufficient to allege the citizenship of the Plaintiff.

Therefore, the Defendants are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should sufficiently allege the citizenship of the Plaintiff. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 4/23/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sarah Graziano
Hensley Legal Group, PC
sgraziano@hensleylegal.com

Elizabeth S. Traylor
SMITHAMUNDSEN LLC
etraylor@salawus.com